# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

IRONWORKERS LOCAL UNION NO.
808, et al,

                Plaintiffs,

-vs-                                                  Case No. 6:08-cv-783-Orl-28GJK

CHAMPION WELDING, LLC,

                Defendant.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **AMENDED MOTION FOR DEFAULT JUDGMENT** (Doc. No. 15) |
| **FILED:** | **February 20, 2009** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

I.    **BACKGROUND**

On June 4, 2008, Plaintiffs Ironworkers Local Union No. 808, Ironworkers Local Union No. 808 Pension Fund, Ironworkers Local Union No. 808 Annuity Fund, Ironworkers Local Union No. 808 Apprenticeship Fund, Wade A. Ivey, Paul Mette, Gregory Holmes, Ben Schmitt, Wes Kendrick and Stanley Dvorak, Jr. (the "Plaintiffs") filed an amended complaint (the "Complaint") against Champion Welding, LLC (the "Defendant") pursuant to the Employee

Retirement Income Security Act of 1974, 20 U.S.C. §§ 1132 and 1145 (herein, "ERISA") and the National Labor Relations Act, 29 U.S.C. § 185 (herein, the "Act"), to collect employee fringe benefits purportedly due and owing. Doc. No. 6. Plaintiffs' claims arise out of the Defendant's alleged breach of the Greater Orlando Area and Vicinity Agreement (the "Agreement"). *Id.*; Doc. No. 6-2. Plaintiffs attached the Agreement to the Complaint. Doc. No. 6-2.

According to the Complaint, Defendant "agreed to tender employee fringe benefits contributions and related dues and assessments [] to the Plaintiffs for all hours worked and/or gross wages earned by its covered employees, monthly, for all months for which employees represented by the Union performed work." Doc. No. 6 at 4, ¶ 8. Plaintiffs request the following in the Complaint:

A. The Court to enter an order permitting a qualified certified public accountant to audit the Defendant's books and record, at the cost of the Defendant, to determine the amounts of all contributions that are due and owing;

B. The Court award damages to the Plaintiffs in the amounts found due and owing as a result of the Defendant's breach of the Agreement, plus prejudgment contractual interest and statutory penalties accrued thereon totaling up to twenty percent (20%) per year on all such unpaid contributions; and

C. The Court award reasonable attorney's fees and costs to the Plaintiffs.

*Id.* at 5.

Defendant failed to respond to the Complaint, and on August 20, 2008, default was entered against Defendant. Doc. No. 10. On February 20, 2009, Plaintiffs filed the present

Amended Motion for Default Judgment (the "Motion") pursuant to Rule 55(b), Federal Rules of Civil Procedure. Doc. No. 15.[1] In the Motion, Plaintiffs state the following:

> Plaintiffs . . . move for entry of a default judgment against Defendant, CHAMPION WELDING, LLC in the amount of $6,727.01 in principal; $583.01 in interest; and $1,052.13 in penalties, plus, $675.00 in attorneys' and paralegal fees, and $455.00 in costs.

Doc. No. 15. Thus, Plaintiffs request an entry of default final judgment in an amount of $9,492.15. *Id.* Attached to the Motion is the Affidavit of Jack Devlin ("Affidavit"), president and chief operating officer of Advanced Administration, Inc., which administers the Ironworkers Local 808 Pension, Annuity and Apprenticeship Funds. Doc. No. 15-5. The Affidavit substantiates the amount due in principal of $6,727.01. *Id.* The Motion also contains a Declaration of Tobe Lev as to Reasonable Attorney's Fees and Costs ("Declaration"), which states attorney Lev billed the Trustee at a rate of $150.00 per hour and performed 4.5 hours of work "filing the complaint, preparing a default, preparing a motion for default judgment, and undertaking other tasks in connection with this case." Doc. No. 15-7. Attorney Lev also states in the Declaration that Plaintiffs incurred $350.00 for a filing fee and $105.00 in fees for service of process. *Id.* The Motion is presently before the Court.

## II. LAW AND ANALYSIS

When a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk enters default. Fed.R.Civ.P. 55(a). Rule 55(b)(2) further provides:

---

[1] On February 18, 2009, the Court denied without prejudice Plaintiffs' original Motion for Default Judgment because the affidavit of Jack Devlin and the Motion for Default Judgment were inconsistent.

> In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing. The court may conduct hearings or make referrals – preserving any federal statutory rights to jury trial – when to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter.

*Id*. The mere entry of default by the Clerk does not in itself warrant the entry of a default judgment by the Court. Rather, the Court must find that there is a sufficient basis in the pleadings for the judgment to be entered. *Nishimatsu Construction v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[2] A default judgment cannot stand on a complaint that fails to state a claim. *Chudasama v. Mazda Motor Corporation*, 123 F.3d 1353, 1370 n. 41 (11th Cir. 1997). A default judgment has the effect of establishing as fact the plaintiff's well pled allegations of fact, and bars the defendant from contesting those facts on appeal. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

After reviewing the Complaint, the Agreement and the Motion, the undersigned recommends that the Court find that the Defendant breached the Agreement and the Plaintiffs are entitled to a default final judgment. As of October 20, 2008, Defendant has a past due balance of $6,727.01 in principal; interest in the amount of $583.01; penalties in the amount of $1,052.13; attorneys' fees and costs[3] in the amount of $1,130.00, for a total balance of $9,492.15. Accordingly, Plaintiff is entitled to recover the total balance, plus interest at a rate of 8 percent

---

[2] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted all cases decided by the former Fifth Circuit before October 1, 1981.

[3] Attached to the Motion is a Declaration Tobe Lev which establishes the attorneys' fees and costs are reasonable.

per annum on the principal amount through the date of judgment. *See* Doc. No. 6-2 at 18. Thereafter, Plaintiff is entitled to post-judgment interest at the rate allowed by law.

**THEREON** it is **RECOMMENDED** that:

1. Plaintiff's Motion be **GRANTED**;

2. Plaintiff be awarded the total balance of $9,492.15 as detailed above;

3. Plaintiff be awarded interest in the amount of 8 percent per annum on the principal amount from January 2008 through the date of judgment; and

4. Plaintiff be awarded post-judgment interest at the rate allowed by law.

It is further **ORDERED** that the Clerk of the Court shall serve a copy, by certified mail, of this Report and Recommendation on: Champion Welding, LLC, 1790 Turtle Hill Rd., Enterprise, Florida 32725.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended at Orlando, Florida on April 15, 2009.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:

Presiding District Judge
Counsel of Record
Champion Welding, LLC by Certified Mail